■ CREST MANOR NURSING HOME, Petitioner, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination of respondent Commissioner, after a hearing, which disallowed the Medicaid reimbursement increases granted to petitioner by a Labor Cost Review Panel (LCRP) and directed the recoupment of over $100,000 in Medicaid reimbursement received pursuant to such award. Petitioner is a skilled nursing facility and is a provider in the Medicaid program. On December 1, 1978, petitioner notified its employees in writing of its intention to increase staff wages in the years 1978, 1979 and 1980 over the normal semiannual merit increments. Petitioner then applied to the Department of Health for an increase in its Medicaid reimbursement rate to enable it to pay the increased employee wages outlined in its written commitment. The LCRP concluded that petitioner could afford the proposed wage increases for 1978 and 1979 without the increase in petitioner's Medicaid rate but awarded an increase of $2.85 per patient per day for 1980. This LCRP award specifically provided that it was conditioned upon actual payment of the wages and benefits in petitioner's commitment to its employees.

The record clearly establishes that petitioner did not pay any wage increases in either 1978 or 1979 and thus did not comply with the express condition of the award. Although petitioner claimed that it had paid wages at some unspecified time in 1980 in an amount which exceeded all proposed wage increases, there is no proof in the record that those increases were retroactive to 1978 and 1979 or that retroactive payments were ever made to petitioner's employees.

The intent of the regulations establishing LCRP awards was to promote labor stability in the residential health care facility industry by encouraging "multi-year agreements" (10 NYCRR 86-2.14 [g]). Petitioner's payment of a lump-sum increase at some unspecified time in 1980 did not satisfy the LCRP award, which was expressly conditioned on actual payment of the wages and benefits provided for in petitioner's commitment to its employees. Since that commitment clearly envisioned wage increases in 1978 and 1979 which concededly were not paid, petitioner violated the express terms of the LCRP award.

Since the affidavit of Edward Cavanaugh was not before the

administrative agency when the underlying determination was made, it may not be included in the record of the transferred proceedings. It may not be considered by our court in reviewing the administrative determination *(see, Crest Manor Nursing Home v Perales,* 144 AD2d 981).

We have reviewed petitioner's other contentions and find them to be without merit. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Tillman, J.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.